PONDER, Judge.
Plaintiff appealed from a denial of a restricted driver’s license.
We affirm.
Plaintiff’s car was stolen and was involved in an accident. Plaintiff had let the insurance on the car lapse.
LSA-R.S. 32:861 requires, with limited exceptions, liability insurance for every motor vehicle. The sanctions for violation of this section are found in LSA-R.S. 32:863. LSA-R.S. 32:863(c)(3) provides for restricted driving privileges, after revocation and suspension, when a person’s livelihood requires the use of a motor vehicle, when transportation is an integral and inseparable aspect of a job. It does not apply to driving to and from work.
Plaintiff argues that he sells real estate as a side job and therefore needs to drive. However, plaintiff’s primary source of income is from his job at Ethyl Corporation. It is apparent from the record that the reason plaintiff wants a restricted license is to get to and from the job at Ethyl. The statute does not allow a license to be granted for this purpose.
The trial court was correct in not applying LSA-R.S. 32:414 and 415.1 to this situation. The provisions for a restricted license after violation of LSA-R.S. 32:861 have been provided for in Section 863. The provisions for restricted licenses in Sections 414-415.1 apply to other sections of the traffic regulations in Title 32.
For the above reasons, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.